JAMES F. HORTON v. SEABOARD AIR LINE RAILROAD COMPANY.

(Filed 22 November, 1911.)

1. Railroads — Interstate Commerce — Master and Servant—Intrastate Cars—Federal Employer's Liability Act.

A locomotive engineer on a train which carries interstate cars is engaged in interstate commerce within the meaning of the Federal Employer's Liability Act. though there are intrastate cars in the train.

2. Railroads—Master and Servant—Federal Employer's Liability Act—State Courts—Jurisdiction—Pleadings.

When the Federal Employer's Liability Act is especially pleaded and relied on in an action for damages for personal injuries brought in the State court, a recovery thereunder may be had when the cause of action falls within its provisions.

3. Railroads — Master and Servant — Defective Appliances—Negligence—Evidence.

When there is evidence tending to show that the eye of the engineer of the defendant railroad company was injured by an explosion of the water-glass in the cab of his locomotive, while in the discharge of his duties, and that the injury could not have happened had the defendant. after notice, supplied the water-glass with the usual shield or guard in general use by railroad companies, it is sufficient upon the question of defendant's negligence.

4. Railroads—Master and Servant—Federal Employer's Liability Act—Contributory Negligence—Interpretation of Statutes.

When a plaintiff has sued in the State court and has pleaded and brought his action within the provisions of the Federal Employer's Liability Act, contributory negligence is no bar to his recovery, and a motion to nonsuit upon the evidence on that ground cannot be sustained under the provisions of the act.

APPEAL by plaintiff from *Whedbee, J.,* at April Term, 1911, of WAKE.

The facts are sufficiently stated in the opinion of the Court by *Mr. Chief Justice Clark.*

*Douglass, Lyon & Douglass and Holding & Snow for plaintiff.*

*Murray Allen for defendant.*

CLARK, C. J.    This is an action to recover damages for injury to one of plaintiff's eyes caused by the bursting of a defective water-glass on a locomotive engine which plaintiff, as engineer, was operating on defendant's railroad. Plaintiff alleges that he was injured while he and the defendant were engaged in interstate commerce, and brought this action under the Federal Employer's Liability Act of Congress, 22 April, 1908. The parts of said act material to this action are as follows:

"SEC. 2. Every common carrier by railroad engaging in commerce between any of the several States shall be liable in damages to any person suffering injury while he is employed by such carrier in such commerce for such injury, resulting in whole or in part from the negligence of any of the officers, agents, or employees of such carrier, *or by reason of any defect or insufficiency, due to its negligence,* in its engines, appliances, machinery, etc.

"SEC. 3. In all actions hereafter brought against any such common carrier by railroad, under or by virtue of any of the provisions of this act, to recover damages for personal injuries to an employee, the fact that the employee may have been guilty of contributory negligence shall not bar a recovery, but the damages shall be diminished by the jury in proportion to the amount of negligence attributable to such employee.

"SEC. 5. *Any contract, rule, regulation, or device whatsoever,* the purpose or intent of which shall be to enable any common carrier to exempt itself from *any liability created by this act,* shall to that extent be void."

The plaintiff testified that he had, in the train, cars of several railroads located beyond the State boundary, and some of them were lumber cars destined for Richmond, Suffolk, Portsmouth, Norfolk, and Franklin, Va., and Pittsburg; Pa. In *Johnson v. R. R.,* 178 Fed., 643, it was held that an employee of a railroad company charged with the duty of seeing to the coupling of cars some of which were being used in interstate commerce was employed in interstate commerce within the provisions of the Employer's Liability Act. The same was held as to a section-hand working on the track of a railroad over which both interstate and intrastate traffic is moved. *Zikos v. R. R.,* 179 Fed., 893.

In a very recent case decided by the United States Supreme Court, 30 October, 1911, *R. R. v. United States,* it was held that when the defendant railroad company was operating a railroad which was "a part of a through highway over which traffic was continually being moved from one State to another," hauled over a part of its road five cars, the couplers of which were defective, two of the cars being used at the time in moving interstate traffic and the other three in moving intrastate traffic, though the use of the last three was not in connection with any car or cars used in interstate commerce, yet the Federal liability statute applied to said three cars and the defendant was liable to the penalty for not having automatic couplers thereon, because the act applies *"on any railroad engaged* in interstate commerce." Applying that decision to this case, it is very certain that, for a stronger reason, the plaintiff was entitled to bring this action under the Federal statute. He was at the time engaged in hauling cars which were being used in interstate commerce.

The engine on which the plaintiff was placed by the defendant was equipped with a "Buckner water-glass," without a shield or guard. The plaintiff testified that "While he was in the discharge of his duty, and without any act on his part and

without his fault, the defective water-glass exploded and injured his eye. . . . That if the water-glass had been supplied with a shield or guard, the glass would not have struck his eye when the tube exploded. . . . And that water-glasses of the character of the Buckner glass are in general and accepted use by the railroad companies operating in this country."

Pusey, a witness for plaintiff, testified: "If the shield is left off . . . when the inner tube breaks, the glass will fly, but it cannot fly out in front of the shield. . . . It is the duty of the inspectors to examine the engine and report all defects. It was the duty of the inspectors at Raleigh to ascertain and report the defects in this water-glass." The plaintiff also further testified "that on his return from his first trip with the defective water-glass he applied to Matthews, the foreman, for a shield or guard, and was informed by him that the company had none; that they were put on at Portsmouth." The plaintiff then arranged to have one made himself, but before it was done the glass exploded and for lack of the shield his eye was injured.

The plaintiff was furnished with a defective and dangerous appliance. This constituted negligence on the part of the defendant. Whether the plaintiff was guilty of contributory negligence or not, it is immaterial to consider, for this statute provides that in such actions as this "the fact that the employee may have been guilty of contributory negligence shall not bar a recovery, but the damages shall be diminished by the jury in proportion to the amount of negligence attributable to such employees."

In *Owens v. R. R.,* 88 N. C., 502, two of the three judges then constituting the Court held that in an action by an employee against a railroad company for personal injuries sustained by its negligence the burden was upon the plaintiff to negative contributory negligence on his part; *Mr. Justice Ruffin* dissenting. Thereupon the Legislature promptly enacted chapter 33, Laws 1887, now Rev., 483, which required the defendant in such cases to "set up in the answer and prove on the trial" contributory negligence as a defense. As the court cannot logically

direct a nonsuit when the burden of proof is upon the defendant (*Spruill v. Insurance Co.,* 120 N. C., 141, and cases citing it in Anno. Ed.), the intent of the statute was evident. This Court, however, in *Neal v. R. R.,* 126 N. C., 634, held by a divided Court (two judges dissenting) that notwithstanding the statute, the court in such case upon a demurrer to the plaintiff's evidence could direct a nonsuit.

The act of Congress of 1908 clearly forbids a nonsuit to be entered in any case where there is any evidence of negligence on the part of the defendant. As under the statute the plaintiff can elect to sue in the State court, he has naturally chosen to bring his action under the provisions of the Federal statute. Doubtless the next Legislature will make similar provision in this State.

All that it is necessary for us to say in this case is that the plaintiff was engaged in interstate commerce at the time of his injury; that there was evidence of negligence on the part of the defendant; that the plaintiff could elect to sue in the State court, specifying in his complaint, as he does, that he invokes the protection of the Federal statute, and that under its terms the court is forbidden to direct a nonsuit upon the ground that there is evidence of contributory negligence shown by the plaintiff's testimony, because the statute provides that though the plaintiff may have been guilty of contributory negligence, it shall not bar a recovery.

In directing a nonsuit, therefore, the judge was guilty of Error.