HENRY VANN v. ATLANTIC COAST LINE RAILROAD COMPANY.

(Filed 30 November, 1921.)

1. **Railroads—Negligence—Evidence—Automobiles—Crossings— Nonsuit —Questions for Jury.**

Where there is evidence that the defendant railroad company has left its track in an unsafe condition at a public crossing, and the plaintiff was injured in consequence while attempting to cross at night in an automobile, the issue as to defendant's actionable negligence should be submitted to the jury, and its motion as of nonsuit thereon is properly denied.

2. **Evidence — Opinions — Experts—Qualifications—Appeal and Error— Presumptions—Burden of Proof.**

Where a witness has testified as an expert upon the trial in the Superior Court, the presumption on appeal, without more, is that he had qualified as such, or he had been admitted as an expert in the matter, or that no question had been made as to his being one; and the appellant, not having shown error, is concluded.

3. **Railroads—Negligence—Crossings—Tracks—Presumption of Safety— Contributory Negligence.**

Where the negligence alleged in an action to recover damages against a railroad company for a personal injury, under supporting evidence, is that an additional railroad track at a public crossing, then being laid, was left unfinished at night, so that it projected above the crossties to such an extent as to have caused injury to the plaintiff in attempting to cross in an automobile, the opinion of one qualified as an expert, as to how the track should have been constructed, and under the existing conditions is competent evidence.

4. **Damages—Railroads—Negligence—Personal Injury—Measure of Damages.**

Where there is evidence that the plaintiff, in his action for damages, has been negligently injured by the defendant railroad company so as to impair his judgment and cause pecuniary loss in his management of his affairs, it is competent to show upon the issue of his damages that before the injury he had made and accumulated money, and since, in consequence of the injury, he has become embarrassed in his affairs and deeply involved.

5. **Negligence—Contributory Negligence—Pleadings—Burden of Proof.**

The defendant must plead and prove contributory negligence when it relies upon it as a defense in plaintiff's action to recover damages for an injury alleged to have been negligently inflicted.

6. **Same—Drunkenness—Questions for Jury—Nonsuit.**

Where there is evidence tending to show that the plaintiff was drunk at the time he received an injury while attempting to cross defendant's railroad track in an automobile at a public crossing alleged to have been negligently left there at night in bad condition, an instruction leaving it for the jury to say whether the plaintiff was drunk at the time, or whether such condition of the plaintiff caused the injury, is a proper one, on the issue of contributory negligence.

**7. Same—Instructions—Rule of Prudent Man.**

> One who approaches a public crossing in an automobile at night, for the purpose of going across, may assume that the railroad company has kept its track reasonably safe for such purpose, it being required of him to exercise that degree of care and prudence characteristic of the ideally prudent man, which is ordinary care under the circumstances.

**8. Same—Proximate Cause—Comparative Negligence.**

> Contributory negligence to bar the plaintiff's right to recover damages in his action, must be the direct and proximate cause of his injury, and his contribution to his own injury will not prevent his recovery if there was negligence by the defendant, which, when compared with that of the plaintiff, was the proximate cause thereof. *McNeill v. R. R.*, 167 N. C., 390, cited and applied.

Appeal by defendant from *Lyon, J.,* at the June Special Term, 1921, of Sampson.

This action was brought to recover damages for personal injuries to the plaintiff, alleged to have been caused by the defendant's negligence in keeping its crossing in an unsafe condition.

On 29 August, 1914, the plaintiff and his companions were driving in a Ford automobile from Falcon, N. C., to Fayetteville, N. C., and after darkness had set in, they attempted to cross over the tracks of the defendant, where the public road from Dunn to Fayetteville intersects with the said tracks, a little above the station at Wade. In so doing the automobile was wrecked, and one of the passengers, Randall Pusey, was killed, and the plaintiff was knocked senseless and otherwise injured. There were two tracks on the crossing, one of which was then being laid, and had not been completed, and, as plaintiff alleges, rendered the crossing unsafe, and even dangerous, as the rails were exposed and high above the surface of the ground, and further, the track and its condition could not be seen in time to avoid the injury. The other facts necessary to an understanding of the matter will be found in the reported case of *Pusey v. R. R.,* 181 N. C., 137.

The case was submitted to the jury, under the evidence and the charge of the court, and the jury returned a verdict for the plaintiff. Judgment thereon, and defendant appealed.

*Fowler & Crumpler and Butler & Herring for plaintiff.*
*Grady & Graham for defendant.*

Walker, J., after stating the case: The evidence as to the negligence was somewhat conflicting, and it was, therefore, properly submitted to the jury, and the motion for a nonsuit overruled.

We will consider the exceptions in the order of their statement in the record, and in the brief of defendant.

1. It was competent for the witness, M. O. Ballard, to state whether the crossing was constructed by the correct method, as he was an expert and no question was made as to this fact. An expert, having special scientific knowledge, which fits him to do so, may give his opinion about the particular matter in controversy. We said in *Summerlin v. R. R.*, 133 N. C., 550, at p. 551: "We must infer from the record one of three things: (1) That there was evidence of the witness's qualification, and that the fact of his being an expert was found by the court; or (2) that he was admitted to be an expert; or (3) that there was no question made in the lower court in regard to it. These inferences must be made because we cannot presume error, and the burden is upon the appellant to show it, and in this Court we must assume that every fact was proved and everything done necessary to sustain the ruling and judgment of the court below, unless it otherwise appears in the record. Nothing appears in this record tending to show affirmatively that the judge committed any error in respect to the matter we are now considering." We do not see why, within the same principle, the testimony of the same witness as to the measurements was also not competent and admissible.

2. The evidence as to plaintiff's present indebtedness, as compared with his sound financial condition when he was injured bore upon his earning capacity, which he alleges was greatly impaired by the injuries he received when the car was wrecked at the crossing. The impairment of his earning ability is shown by the fact that, owing to it, he has fallen behind, and whereas formerly he could and did make money and accumulate it, he is now embarrassed in his affairs and deeply involved.

3. The motion to nonsuit was, as we have said, properly overruled, because there was evidence of negligence fit to be considered by the jury.

4. There was no error in the charge as to contributory negligence. That defense must be pleaded, and the burden to show it is upon the defendant. C. S., 523; *Kearney v. R. R.*, 177 N. C., 251; *Boney v. R. R.*, 155 N. C., 95; and as to reasons for the change in the former rule, *Horton v. R. R.*, 157 N. C., 146, and *Owens v. R. R.*, 88 N. C., 502.

5. The instruction of the court as to the drunken condition of the plaintiff on the evening of the accident was manifestly correct, as the testimony he mentioned in it was all in the case as to such condition, and it was for the jury to say whether or not he was drunk, and his contributory negligence in this respect caused the injuries.

6. The plaintiff might well assume, in the ordinary course of things, that the defendant's crossing was in a reasonably safe condition, and had been kept so by the defendant. This question was directly involved and decided in *Parks v. R. R.*, 124 N. C., 136, when the learned charge of O. H. Allen, J., to the jury is considered in connection with the opinion of the Court. The plaintiff surely had the right to expect that

defendant had performed its duty to the public with respect to this crossing. That, of course, did not exempt the plaintiff from the duty of exercising proper care for his own safety, but what was such care on his part must, of course, be determined by a consideration of the assumption he was permitted to make with respect to the condition of defendant's crossing. It will not, we presume, be contended that plaintiff should have assumed that the crossing was in bad condition. All that was required of him was that he should look out for his own safety and exercise that degree of care characteristic of the ideally prudent man, which is ordinary care under the same circumstances. The duty of a traveler on a highway at a railroad crossing is fully discussed in *Johnson v. R. R.,* 163 N. C., 431, with a full citation of authorities, though it may not be so closely applicable to the particular facts of this case as *Parks v. R. R., supra.* But the case of *Tankard v. R. R.,* 117 N. C., 558, is directly in point, as it was there held that while it is the duty of one crossing a railroad in a vehicle to exercise ordinary care for the safety of the animal he is driving, which was injured, he has the right to assume that the railroad company has discharged its duty to the public by keeping the crossing in safe condition.

7. It was obviously right to charge the jury that the negligence of plaintiff, if there was such, would not bar his recovery unless it directly and proximately contributed to his injury. His contribution to his own injury would not prevent a recovery by him, if there was negligence by the defendant which when compared with that of the plaintiff was the proximate cause of his injuries. *McNeill v. R. R.,* 167 N. C., 390, where the doctrine of proximate cause was fully discussed by *Justice Allen.* Negligence which is merely passive is harmless. It must be active and efficient in producing the injury in order to be proximate to it.

Plaintiff was, of course, entitled to recover damages for his automobile if it was proximately injured by the negligence of the defendant, in addition to damages for the injuries to herself.

The court granted all of defendant's requests for instructions to the jury.

We find no error that was committed at the trial.

No error.

Stacy, J., having presided at one of the former trials of this case in the Superior Court, took no part in the present decision.