## J. C. HALL v. TOMLINSON CHAIR COMPANY.

(Filed 14 November, 1923.)

1. **Courts—Discretion—Issues—Negligence—Assumption of Risks.**

   The fact that the defense of contributory negligence and assumption of risks was submitted by the trial judge under one issue is not alone erroneous, but a matter within his discretion.

2. **Negligence—Contributory Negligence—Assumption of Risks—Burden of Proof—Evidence.**

   The burden of proof is on the defendant relying upon its plea of contributory negligence and assumption of risks as a defense, and he may not complain on appeal for his failure to establish it by the verdict of the jury on its evidence, on a trial otherwise free from error.

APPEAL by defendant from *Stack, J.,* at May Term, 1923, of DAVIDSON.

Civil action, tried upon the following issues:

"1. Was the plaintiff injured by the negligence of the defendant company, as alleged in the complaint? Answer: 'Yes.'

"2. Did the plaintiff, by his own negligence, contribute to his injury, as alleged in the answer? Answer: 'No.'

"3. What damages, if any, is the plaintiff entitled to recover of defendant? Answer: '$1,000.'"

Judgment on the verdict in favor of plaintiff. Defendant appealed, assigning errors.

*Raper & Raper for plaintiff.*
*Walser & Walser and Z. I. Walser for defendant.*

STACY, J. Plaintiff was injured while working at a shaper machine, which, it is alleged, was "old, out of date and not safe and suitable for

the work being done." Defense is interposed chiefly upon the ground that the machine was very simple; that the danger, such as it was, was open and obvious, and that the plaintiff assumed the risk of his injury. There was also a plea of contributory negligence. In fact, the pleas of assumption of risk and contributory negligence were both submitted under the second issue; and this, under authority of *Hicks v. Mfg. Co.,* 138 N. C., p. 333, is a matter which must be left largely to the legal discretion of the presiding judge.

There was ample evidence tending to show negligence on the part of the defendant; and neither the allegation of assumption of risk nor that of contributory negligence was established on the hearing. The burden of proof rests with the defendant on both of these defenses. *Dorsett v. Mfg. Co.,* 131 N. C., p. 261; *Fleming v. R. R.,* 160 N. C., 196.

The record presents no reversible error, and hence the judgment below will be upheld.

No error.