MYRTLE M. HANES, ADMINISTRATRIX, v. SOUTHERN PUBLIC UTILITIES COMPANY AND T. R. WILLIARD.

(Filed 29 October, 1924.)

1. **Evidence—Nonsuit.**

   A motion as of nonsuit should not be granted if the evidence, viewed in the light most favorable to the plaintiff, may reasonably be inferred by the jury to sustain his action.

2. **Same—Street Railways—Collisions—Negligence—Questions for Jury.**

   Evidence is sufficient to be submitted for the determination of the jury to recover damages for a wrongful death, against a street car company, which tends to show that its street car struck an automobile and killed one riding therein as a guest, as the automobile was attempting to pass another, going in the same direction, and the employees of the defendant traveling in the opposite direction failed to give signals or warnings of

the approach of the street car; that the car was traveling at a speed forbidden by the ordinance of the city; and that the servants of the defendant might have avoided the injury in the exercise of ordinary care under the circumstances.

APPEAL by plaintiff from *Bryson, J.,* at May Term, 1924, of FORSYTH.

Civil action, to recover damages for an alleged negligent injury, resulting in the death of plaintiff's intestate.

From a judgment of nonsuit, entered at the close of all the evidence, plaintiff appeals.

*John C. Wallace, Richmond Rucker Hastings, and Booe & DeBose for plaintiff.*

*Manly, Hendren & Womble, and Swink, Clement & Hutchins for defendants.*

STACY, J. This case has been tried twice in the Superior Court of Forsyth County. At the first hearing there was a verdict for the plaintiff, which was set aside by the presiding judge as being contrary to the weight of the evidence. On the second hearing, from which this appeal is prosecuted, there was a judgment as of nonsuit entered at the close of all the testimony. Much evidence was offered tending to show that the injuries and death complained of were the result of an accident, so far as the defendant was concerned, but it is not all one way. Considering the evidence in its most favorable light for the plaintiff, the accepted position on a motion to nonsuit, we think the cause should be submitted to another jury for a determination of the mooted questions of fact raised by the testimony of the several witnesses. Speaking to a similar question in the recent case of *Oil Co. v. Hunt,* 187 N. C., 157, it was said: "On a motion to nonsuit, the evidence is to be taken in its most favorable light for the plaintiffs, and 'they are entitled to the benefit of every reasonable intendment upon the evidence and every reasonable inference to be drawn therefrom.' *Christman v. Hilliard,* 167 N. C., p. 6."

There was allegation and evidence tending to show that on 22 November, 1922, Charles D. Hanes was fatally injured in a collision between an automobile, in which he was riding, and one of the defendant's street cars. The collision occurred on Main Street in the city of Winston-Salem, about 7 a. m. The deceased was going to his work and was riding, as an invited guest, in the automobile of one C. C. Shelton at the time he received the injuries from which he died on the following day.

Miss Lola Shelton, a witness for the plaintiff, who was riding in the automobile with her brother and the deceased at the time of the injury, testified, in part, as follows: "We were coming over the top of the hill at Centerville Store about 7 o'clock, and Mr. Hanes, the deceased, was standing on the side of the street, and my brother asked him if he wanted to go to town. He said 'Yes,' and my brother stopped the car, and Mr. Hanes got in the rear seat, and we started to town. When we got down almost to the bottom of Salem Hill, and about the middle of the block, there was a truck in front of us, and it kind of slowed up, and my brother started to pull out to go around the truck, and when he got on the car track I saw the street car coming. After we got on the track, the rear end of the street car was just passing Race Street. We were about the middle of the block. I judge the street car was about 60 or 75 feet from us after we got out on the car track. I saw the street car just as my brother pulled out from behind the truck, and at the time we got on the track the street car was as far from us as from where I am sitting to the corner of the courtroom. The truck we passed was going north—the same direction we were going. There was a line of cars ahead of the truck, also going north. On the other side of the street, to our left, cars were coming south—a string of cars coming that way. At the time I saw the street car coming, it was running about 20 miles an hour—coming at a rapid speed. We went around the truck. My brother put the gas on—speeded the engine, to try to get around the truck before the car got to us, and when he turned off of the street-car track the street car hit the rear door of our car, on the left-hand side, and turned the car around. When it stopped, the rear of the car was sitting against the curb and the front wheels sitting against the street car—the rear truck of the street car. The front end of the automobile was standing facing the rear truck of the street car. It threw my brother out. I saw him fall out, as I was sitting on the front seat, beside him. I don't know whether Mr. Hanes was thrown out, or not, as I didn't see him go out of the car; but when I saw him he was outside of the car, lying with his head against the curb, and was unconscious. It battered up our car—almost completely wrecked it; tore both wheels down. I did not hear any gong, or bell, or horn, or any warning whatever from the street car. I think I was in position to have heard it if there had been any; I think I could have heard it."

This evidence, though unsupported, and contradicted in the main by other witnesses, is sufficient to carry the case to the jury, especially in view of the fact that it is made unlawful by ordinance for the defendant to operate its street cars at a rate of speed in excess of 15 miles per hour in the residential section of the city, as was the case here.

We are not permitted to pass upon the probable truth of conflicting evidence when considering a judgment of nonsuit. Our inquiry in such a case is directed to its sufficiency to warrant a verdict in favor of the plaintiff. The jury alone may consider its credibility and determine its weight. *Loggins v. Utilities Co.,* 181 N. C., p. 227.

As to the nonimputability of the negligence of the driver to the passenger or invited guest, under circumstances similar to those here disclosed, see *White v. Realty Co.,* 182 N. C., 536.

Reversed.