CHARLES LINDSEY v. SUNCREST LUMBER COMPANY, MACK HENSLEY, AND LAT McCURRY.

(Filed 24 January, 1925.)

**Evidence—Nonsuit—Statutes—Questions for Jury.**

A judgment as of nonsuit upon the evidence (C. S., 567) should not be rendered when construed in the light most favorable to the plaintiff, giving him the benefit of every reasonable intendment and every reasonable inference therefrom, it is sufficient in law to be submitted to the jury upon the controverted questions.

APPEAL by plaintiff from *Ray, J.,* at September Term, 1924, of HAYWOOD.

This is a civil action, tried at September Term, 1924, of the Superior Court of Haywood County, before his Honor, J. Bis Ray, and a jury. At the close of plaintiff's testimony the defendant moved for judgment as of nonsuit, which was allowed as to the defendants Mack Hensley and Lat McCurry, and overruled as to defendant Suncrest Lumber Company, to which the defendant excepted. At the close of all the testimony, defendant's motion for nonsuit was renewed, and allowed by the court, to which plaintiff excepted, assigned error, and appealed to the Supreme Court.

*Morgan & Ward for plaintiff.*
*Alley & Alley for defendants.*

CLARKSON, J. Defendants made a motion for judgment as in case of nonsuit, at the close of plaintiff's evidence and at the close of all the evidence. C. S., 567. The court below allowed the motion as to defendants Mack Hensley and Lat McCurry at the close of plaintiff's evidence, and as to the Suncrest Lumber Company at the close of all the evidence, and in this we think there was error.

On a motion to nonsuit, the evidence is to be taken in the light most favorable to plaintiff, and he is entitled to the benefit of every reasonable intendment upon the evidence, and every reasonable inference to be drawn therefrom. *Christman v. Hilliard,* 167 N. C., 6; *Oil Co. v. Hunt,* 187 N. C., 157; *Hanes v. Utilities Co.,* 188 N. C., 465.

In *Hancock v. Southgate,* 186 N. C., p. 282, we said: "Where there is *any* evidence to support plaintiff's claim, it is the duty of a judge to submit it to the jury, and the weight of such evidence is for the jury to determine."

"The credibility of witnesses, the weight and probative value of evidence are to be determined by the jury, and not by the judge. However, many decisions of this Court establish that, in every case, it is the duty of the judge to direct a verdict in favor of one of the parties when the testimony and all the inferences which the jury could justifiably draw therefrom would be insufficient to support a different finding." *B. & O. R. R. Co. v. Groeger,* U. S. Supreme Court (filed 5 January, 1925).

From a critical examination of the evidence, we are of the opinion that this cause should have been submitted to a jury.

As the case goes back for a jury trial, we think it unnecessary to discuss the evidence.

For reasons given, the judgment is
Reversed.