### J. B. DAVIS v. M. R. LONG.

(Filed 31 January, 1925.)

1. **Negligence—Automobiles — Statutes — Speeding Regulations—Crossings—Evidence—Nonsuit.**

   In an action to recover damages of the defendant, caused by a collision of two automobiles at an intersecting street of a town, by the defendant's negligence: *Held,* a motion as of nonsuit was properly denied, upon evidence tending to show that the defendant was traveling at the time at a speed excessive of that allowed by C. S., 2617, while plaintiff was using the care required of him under the circumstances. C. S., 567.

2. **Witness—Character—Cross-Examination.**

   Upon cross-examination, a witness for a party as to character, in an action to recover damages in a negligence case, cannot be directly questioned as to unrelated acts of the defendant to that complained of, though upon his own volition he may answer as to general character, and then qualify his former evidence on the subject.

3. **Courts — Improper Remarks — Statutes—Appeal and Error.—Negligence—Evidence—Automobiles.**

   In an action to recover damages for a negligent injury alleged to have been caused by a collision between the automobile driven by the plaintiff and that driven by the defendant, remarks by the trial judge in his instruction to the jury as to the danger of automobiles, apply equally to

the plaintiff and defendant, and may not be held for prejudicial error to the defendant, against whom a verdict has been rendered, as an expression of opinion upon the evidence prohibited by our statute.  C. S., 564.

**4. Negligence—Statutes—Automobiles — Speed Regulations—Negligence per se — Proximate Cause — Contributory Negligence — Burden of Proof.**

In an action to recover damages for the negligence of the defendant in causing a collision with plaintiff's automobile at a street intersection, and the only question arising from the evidence is whether the defendant was running at a speed prohibited by C. S., 2617, the violation of the statute is negligence *per se*, leaving only the question of whether this negligence was, under the circumstances, the proximate cause of the injury complained of, the burden of the issue as to plaintiff's contributory negligence being upon the defendant.

**5. Instructions—Evidence—Issues—Negligence—Automobiles—Contributory Negligence.**

Where the charge, construed as a whole upon its related parts, is correct, it will not be held for error that it was incomplete in its parts, taken disjointedly or unconnectedly; and where the facts to be found are simple and readily understood by jurors of the average intelligence, in relation to correct instructions of the law given, it will not be held for error that the court failed to instruct the jury more particularly as to certain phases of the evidence, especially when no special requests thereto have been aptly tendered by the party complaining.

STACY and CONNOR, JJ., dissenting.

CIVIL ACTION, tried before *Brown, J.,* and a jury, at Special April Term, 1924, of PERSON.

The plaintiff brought this action against the defendant to recover damages he sustained in an automobile collision.

The plaintiff contends that on Sunday evening, 4 March, 1923, about 5:30 o'clock, he was returning home in a Ford automobile, with his two little boys, having taken his wife to her sister's; that he was driving his car on the right-hand side of Main Street, in Roxboro, going south; that just before he got to New Street, the turning place to go to his home, a fellow ran up behind him and blew his horn, and did so again; that he got to the place to make the turn at New Street, and dropped his hand out and looked in front, and defendant's car was approaching, about 100 yards away; that he threw his left hand out on the side he was turning, to make the turn, and viewed the street he had to make the turn in, and threw his eyes around to look at the man behind, and when he turned around again plaintiff's car was in 6 or 8 feet from him. He testified: "If that car had been shot out of a rifle it would not have looked like it was coming any faster into my car." That he was running very slow, and his left-hand front wheel was in a foot or a foot and a half of the curbing or gutter when defendant's car hit him. His

car was about 15 yards from New Street when he saw defendant up the street. Defendant's car was going at least 45 miles an hour.

M. R. Long, the defendant, contended that he and his wife and two children, Mr. and Mrs. Boatwright and child, and Mr. Watts Norton, were out riding for pleasure. That he was coming into Roxboro and going north and saw the plaintiff in his auto coming at a very reasonable rate in the opposite direction, on the right-hand side of the street. That he had a plain and unobstructed view of this little alley (New Street). He saw no one coming out and had no reason to presume that this car of plaintiff's would turn. He thought it was going to continue in the same direction in which it was going. He testified "When I got in about 30 feet of the car, it suddenly swerved across in front of me and I had very little time to do anything." He jammed on the brakes as quickly as he could and did everything to avoid the collision. He did not see plaintiff give any signal, he could not say how fast he was going, somewhere between 15 or 20 miles an hour. Plaintiff was looking behind and did not know where he was going. Plaintiff did not come up and make a turn as you are supposed to do at a street intersection. Defendant was driving a Packard car and with the passengers weighed about 6,000 pounds.

The usual issues of negligence, contributory negligence and damages were submitted to the jury and found in favor of plaintiff. Judgment was rendered in favor of plaintiff. Defendant made exceptions, assigned numerous errors and appealed to the Supreme Court.

*C. A. Hall, Pou & Pou, and J. W. Bailey for plaintiff.*
*Luther M. Carlton, Wm. P. Bynum, F. P. Hobgood, Jr., and Sidney S. Alderman for defendant.*

CLARKSON, J. Defendant made a motion for judgment as in case of nonsuit at the close of plaintiff's evidence and at the close of all the evidence. C. S., 567. The court below refused these motions and in this we think there was no error.

On a motion to nonsuit, the evidence is to be taken in the light most favorable to plaintiff, and he is entitled to the benefit of every reasonable intendment upon the evidence and every reasonable inference to be drawn therefrom. *Christman v. Hilliard,* 167 N. C., 6; *Oil Co. v. Hunt,* 187 N. C., 157; *Hanes v. Utilities Co.,* 188 N. C., 465.

In the progress of the trial the court below permitted a witness, Louis Daniel, to testify concerning the reputation of defendant Long, that his character was good, but he had the reputation of being a fast driver. The court below having excluded the question as to defendant's reputation for fast driving, defendant duly excepted and assigned this as error. We do not think this assignment of error can be sustained.

DAVIS *v.* LONG.

In *Edwards v. Price,* 162 N. C., p. 244, *Clark, C. J.,* gives the rule as follows: "The party himself, when he goes upon the witness stand, can be asked questions as to particular acts, impeaching his character, but as to other witnesses it is only competent to ask the witness if he 'knows the general character of the party.' If he answers 'No,' he must be stood aside. If he answers 'Yes,' then the witness can, of his own accord, qualify his testimony as to what extent the character of the party attacked is good or bad. The other side, on cross-examination, can ask as to the general character of the party for particular vices or virtues. But it is not permissible either to show distinct acts of a collateral nature or a general reputation for having committed such specified acts. McKelway Ev., secs. 123, 125; 1 Gr. Ev., secs. 461-b."

A witness, Babe Long, testified for plaintiff: "I live on farm in this county. Know the defendant, Matt Long, and Mr. Davis. Mr. Long's character and reputation is good."

"Q. What is his reputation for driving?"

Objection by defendant. In sustaining defendant's objection the court again stated that it was not competent to ask the witness about defendant's reputation concerning a particular subject, but that witness could say, his character was good or bad, or could qualify it. Witness then said, "He is a fast driver." And to this answer there was no objection and no motion made to strike it out.

"I have known Mr. Davis all of his life and his character is good."

With no objection by defendant to Babe Long's testimony or to practically the same evidence given by Louis Daniel, we can see no prejudicial error if the testimony of Daniel had been error.

Exceptions and assignments of error were made to the following remarks of the court below when charging the jury: "It was said to you by one of the counsel, an automobile is a recent—comparatively recent invention, and it seems as if it had taken possession of the whole country. I doubt very much whether it has been a good invention or not. My personal opinion is that the country would be better off if it had never existed, but that hasn't anything to do with this case. . . . In fact there are a great many who think that an automobile is more dangerous than a railroad engine, because a railroad engine goes on a track and people can see the track and they know where they are when they are on a railroad track, but an automobile comes along with a very little noise, with great rapidity, and it may kill a man or seriously injure him almost before he knows it."

The remarks of the court below in the charge was a matter of common knowledge and a general statement of the experience of men in general. The remarks could not be prejudicial. The reference was to automobiles in general and applied to both parties, who owned them. We do not

think the remarks come within the condemnation of C. S., 564, that no judge "shall give an opinion whether a fact is fully or sufficiently proven, that being the true office and province of the jury; but he shall state in a plain and correct manner the evidence given in the case and declare and explain the law arising thereon." As said by *Nash, C. J.,* in *Nash v. Morton,* 48 N. C., p. 6: "It is extremely difficult, very often, to say where duty stops and wrong begins." We do not construe the remarks made as wrong or reversible error.

The other exceptions and assignments of error are as follows: "Because the court below charged the jury: 'Now, it was the defendant's duty, Mr. Long's duty, when he was approaching this intersecting street to slow down his machine to ten miles an hour.' 'Now, it was the defendant's duty when he approached the limits of the town and approached this intersecting New Street to keep a close lookout, to slow down his car and not run faster than ten miles an hour, and if he failed to do that, then he is guilty of negligence.' Because his Honor charged the jury: 'And you will answer the second issue "No." ' Because his Honor in his charge failed to define negligence and contributory negligence."

These assignments of error bring us down to the main controversy in the case. Taken alone they may be subject to criticism, but the charge must be considered and construed as a whole and not disjointedly. *Mangum v. R. R.,* 188 N. C., p. 701.

The evidence succinctly, on the part of plaintiff, was that he was going south in a Ford auto on Main Street; that he heard a horn blow behind him and looked back and then looked in front and saw defendant 100 yards away. He put his hand out on the left side of the car the way he was turning and started into New Street and was struck by defendant, whose car was coming like a "shot out of a rifle." On the other hand, the defendant's evidence was that defendant had no reason to presume that plaintiff would turn into "this little alley" (New Street), but would continue in the direction he was going. He saw no hand thrown out to give anybody warning, and when he was in 30 feet of defendant's car the plaintiff suddenly swerved across in front of him and he did his utmost to avoid the collision and put on brakes. Plaintiff was looking behind him and did not know where he was going, and did not make the usual intersection turn. Defendant was driving a Packard car and with passengers weighed about 6,000 pounds. Defendant admitted he was going about 15 or 20 miles an hour. These statements show the conflict between the parties. The truth of the matter was for the jury and not this Court. They have found the usual three issues for plaintiff.

The latter part of C. S., 2616, is as follows: "Upon approaching an intersecting highway, a bridge, dam, sharp curve, or deep descent, and

also in traversing such intersecting highway, bridge, dam, curve, or descent, a person operating a motor vehicle shall have it under control and operate it at such speed, not to exceed ten miles an hour, having regard to the traffic then on such highway and the safety of the public."

The latter part of C. S., 2617, is as follows: "Any person so operating a motor vehicle shall, at the intersection of a public highway, keep to the right of the intersection of the center of such highway when turning to the right and pass to the right of such intersection when turning to the left, and shall signal with the outstretched hand the direction in which turn is to be made."

The testimony of plaintiff, taken to be true, was: When he came to the intersection of Main and New streets to go into New Street, he made the turn at the place required by the statute and signalled with his outstretched hand. Defendant was 100 yards away. Plaintiff, from his testimony, was complying with the law of the road. Defendant, from his testimony, was not within the speed limit required at intersections. He did not have his auto under control and the speed exceeded 10 miles an hour. The violation of the statute was negligence *per se.*

In *Newton v. Texas Co.,* 180 N. C., p. 565, *Walker, J.,* says: "As the violation of a statute, or an ordinance, is negligence *per se,* or rather, to speak more accurately, it is itself a distinct wrong in law, and all that is needed to make it an actionable wrong is the essential element of proximate cause, for 'wrong and damage' constitute a good cause of action if there be a causal connection between them. That the violation of a statute, or ordinance of a city or town, is negligence *per se,* or a distinct wrong in law, is the rule established by the more recent cases. *Leathers v. Tobacco Co.,* 144 N. C., 330; *Starnes v. Mfg. Co.,* 147 N. C., 556; *Ledbetter v. English,* 166 N. C., 130; *McNeill v. R. R.,* 167 N. C., 390; *Ridge v. High Point,* 176 N. C., 424. We so held in *Slone v. Texas Co.,* at this term." *Stultz v. Thomas,* 182 N. C., 473; *Graham v. Charlotte,* 186 N. C., 666.

A statutory duty was imposed on defendant. He failed to do what the law required of him. This was negligence *per se,* and it was a question for the jury to say whether or not such negligence was the proximate cause of the injury to plaintiff.

On the second issue as to contributory negligence of plaintiff, the burden of proof rests with defendant. *Hall v. Chair Co.,* 186 N. C., 469; *Moore v. Iron Works,* 183 N. C., 438; *Vann v. R. R.,* 182 N. C., 567. From the defendant's testimony, taken to be true, without any warning plaintiff ran his automobile in front of defendant's automobile when 30 feet from him. If this version be true, the burden of proof being on defendant, the jury would have been warranted in finding the plaintiff guilty of contributory negligence, and, if so, he could not

recover. We think this aspect was fully presented to the jury in the charge of the court.

With the facts as stated and the law as herein set forth, the learned Judge who tried this case—an honored member of this Court for years—charged the jury as follows:

"Now, it was the defendant's duty, Mr. Long's duty, when he was approaching this intersecting street to slow down his machine to 10 miles an hour. It was his duty to keep a lookout ahead of him for any automobile that might come out of that intersecting street. That is the reason that law was made. Now, what is an intersecting street? It is not necessarily one that crosses another street. It isn't a cross street necessarily. It seems from the evidence in this case that New Street enters into South Main Street, and therefore it is an intersecting street as decided by the Supreme Court in the case of *Manly v. Abernathy,* 167 N. C., p. 220, where the Supreme Court quotes the statute and says: 'That the public laws providing among other things, that a person operating a motor vehicle, when approaching an intersecting highway or traveling it, shall have the car under control and operate it at a speed not exceeding ten miles an hour, having regard to the traffic then on the highway and the safety of the public,' and this decision goes on to say that an intersecting street is one which enters into another street, but not necessarily crosses it. The decision says: 'It is held that the "intersecting streets or highways" includes all space made by the junction of frequented streets of the town, though one of the streets enters the other without crossing or going beyond it.' Then my old friend and colleague, *Justice Walker,* who was on the Supreme Court Bench with me for many years, goes on to say in this case: 'Those who handle these machines, which are highly dangerous if driven rapidly, especially along a crowded thoroughfare and more especially when turning at the angle of two intersecting streets or roads, should strictly obey the law and exercise that degree of care generally which is commensurate with the great hazard produced by a failure to do so. They should hold their cars well in hand and give timely signals at points where people should reasonably be expected to be and where they have the right to be.'

"Now, it was the defendant's duty when he approached the limits of the town and approached this intersecting New Street to keep a close lookout, to slow down his car and not run faster than ten miles an hour, and if he failed to do that, then he is guilty of negligence but whether he is liable depends on whether that negligence caused the injury.

"Negligence in order to be actionable must be the proximate cause of an injury. Now, proximate cause means the nearest cause. It means, as the law writers say, the *causa causans* without which the injury would not have occurred."

The learned judge then set forth plaintiff's contentions based on the facts herein stated, and said: "Now, if you take that view of the evidence, you will find for plaintiff. The burden of proof, of course, is on the plaintiff to satisfy you by a preponderance of the evidence. He isn't obliged to satisfy you beyond a reasonable doubt, because that rule of law does not apply in civil suits generally, but he must satisfy you by a preponderance of the evidence that those facts are true, and if you are so satisfied, you will answer that issue 'Yes,' and you will answer the second issue 'No.' "

The court then gave defendant's version, and charged the jury on that aspect: "The defendant says that he isn't guilty of any negligence. He says that when he approached the city limits and approached this intersecting New Street, that he had his car well in hand and that he was driving within the speed regulation. He had his wife in there and his little daughter, and two gentlemen, and the two men testified, I believe, that the rate of speed he was driving was not fast. The law says when he approached this intersecting street he must not drive over ten miles an hour and he must have his car well in hand. The defendant says that the cause of this injury was negligence of the plaintiff. The defendant says that plaintiff was looking behind, instead of in front, and that the plaintiff turned his car negligently to the left, right in front of the defendant's automobile, and that he could not prevent the injury. Now, if you find those facts to be true, then you will answer that second issue 'Yes,' that the plaintiff by his own negligence contributed to his injury."

To the charge on the third issue as to damages, there was no exception.

In *Salmon v. Wilson,* 227 Ill. App., 286, in many respects similar to the case at bar, the court said: "It does not contemplate that the right may be invoked when the car from the right is so far from the intersection at the time the car from the left enters upon it, that, with both running within the recognized limits of speed, the latter will reach the line of crossing before the former will reach the intersection. Under the state of facts in this case plaintiff might reasonably have presumed that defendant would not exceed the speed limits fixed by statute, and that he would be able to cross the intersection before defendant's car reached it." Berry Automobiles, 4 ed. (1924), p. 841.

We think the rule laid down in *S. v. Beard,* 124 N. C., p. 813, applicable here: "It is true that the object of the charge is to state the law of the case to the jury, and to aid them in applying the facts to the law; but the manner in which this is done must be left, to a very great extent, to the good sense and sound judgment of the judge who tries the case."

In *Simmons v. Davenport,* 140 N. C., p. 410, *Walker, J.,* said: "In the absence of any such request, we cannot say that it was reversible error for the court to have charged in the general terms employed by it, especially in a case like this one, which involves so little complication that a jury could not well have misunderstood the legal aspect of the matter. If a party desires fuller or more specific instructions, he must ask for them and not wait until the verdict has gone against him and then, for the first time, complain of the charge. *Kendrick v. Dellinger,* 117 N. C., 491; *McKinnon v. Morrison,* 104 N. C., 354; *S. v. Debnam,* 98 N. C., 712; Clark's Code (3 ed.), pp. 535 and 536." *S. v. O'Neal,* 187 N. C., p. 24.

The case is not complicated as to the law or facts. The jurors are presumed to be men of "good moral character and sufficient intelligence." They could easily understand the law as applied to the facts. The jury has found all the issues in favor of plaintiff, and we find

No error.

STACY and CONNOR, JJ., dissent.