JOHN D. MANGUM v. F. P. BROWN, TRADING AS H. J. BROWN COMPANY.

(Filed 27 January, 1931.)

**1. Evidence K b—Witnesses may testify from own observation as to mental condition of party when material to the inquiry.**

In an action to recover damages in a negligent personal injury case wherein the plaintiff signed a release and the controlling question is whether he at the time of his signing had sufficient mental capacity to be bound thereby, witnesses from their own observation may testify as to the plaintiff's mental condition both before and after the time of his signing, as evidence of his mental incapacity when he signed the release in question.

**2. Torts C c—Burden is on plaintiff signing release to prove mental incapacity when relied on by him.**

The burden is on the plaintiff who has signed a release to prove his mental incapacity to have executed it when relied upon by him to set the release aside.

MANGUM *v*. BROWN.

**3. Trial D a—Where there is more than scintilla of evidence defendant's motion as of nonsuit should be denied.**

Where there is more than a scintilla of evidence to support the plaintiff's allegations the case must be submitted to the jury and defendant's motion as of nonsuit will be denied, the effect of the motion being that of a motion to dismiss.

**4. Torts C c—Evidence of plaintiff's mental incapacity to sign release held sufficient to go to the jury.**

Where the plaintiff seeks to set aside his release of the defendant from the consequences of the latter's negligence, evidence that before the injury the plaintiff's mind had been normal and that at the time of the trial and previously he talked and acted like a child, that his memory and business capacity had failed him, is sufficient to take the case to the jury upon the question of plaintiff's mental incapacity at the time he signed it.

**5. Same—Verdict establishing mental incapacity to execute release entitles plaintiff to have it set aside, and undue influence becomes immaterial.**

Where the issue as to the mental capacity of the plaintiff to execute a release binding upon him has been found by the jury in the plaintiff's favor, the answer to the issue relating to undue influence becomes immaterial.

CONNOR, J., dissents.

APPEAL by defendant from *Daniels, J.*, at March Term, 1930, of WAKE. No error.

Action for damages for personal injury. The defendant is an undertaker in Raleigh. In his place of business there is an elevator used in carrying freight between the basement and the top floor. One side of the elevator was not inclosed or protected by any gate, railing, or other guard, and between this side and the wall there is a vacant space of "three, four, or five feet." In March, 1928, while the carriage was going from the basement to the second floor, or after it had reached the second floor, the plaintiff fell through the opening and suffered personal injuries, including a fracture of the skull. About three weeks before this time the defendant's heating plant had exploded and hurled the plaintiff to the ceiling, and had thereby inflicted injuries which were afterwards found to be of a minor nature.

After his fall from the elevator the plaintiff was taken to a hospital and was treated by a physician and an eye specialist. He was there several weeks. He contended that at first he was unconscious, later semiconscious a part of the time, and not mentally clear at the time he left the hospital. The defendant contended that his mind was unimpaired.

On 2 October, 1928, the plaintiff signed a paper purporting to be a release of the defendant, his agents, and employees from all liability.

The defendant answered and put in issue the plaintiff's material allegations, and at the trial the jury returned the following verdict:

1. Did the plaintiff, Mangum, execute the release set out in the answer? Answer: Yes.

2. Did plaintiff, Mangum, at the time he executed the release have sufficient mental capacity to know the nature and effect of what he did? Answer: No.

3. Was the execution of said release procured by fraud or undue influence, as alleged in the reply? Answer: Yes, by undue influence—no fraud.

4. Was the plaintiff injured by negligence of defendant, as alleged in the complaint? Answer: Yes.

5. Did plaintiff by his own negligence contribute to his injury, as alleged in the answer? Answer: No.

6. What damages, if any, is plaintiff entitled to recover of defendant? Answer: $7,500.

Judgment for the plaintiff, and appeal by the defendant upon exceptions reserved.

*Gatling, Morris & Parker for plaintiff.*
*Ruark & Ruark and Carroll W. Weathers for defendant.*

ADAMS, J. The questions raised by the appeal as set forth in the appellant's brief (Rule 27½) involve the competency of evidence tending to show the plaintiff's mental condition after the execution of the release, and the adequacy of the evidence to support the jury's answer to the second and third issues. They do not involve the fourth, fifth, and sixth issues.

In his first fourteen assignments of error the appellant contends that the questions and answers therein excepted to are not referable to the time the release was executed but only to subsequent and unrelated periods. This is not our understanding of the record. The witnesses to whose testimony the exceptions were taken expressed an opinion based upon their observation and association with the plaintiff as to the condition of his mind before and after his fall from the elevator, and the trial court announced in the presence of the jury that this class of evidence was to be considered as bearing upon the plaintiff's mental condition at the time of his fall as well as the time when he signed the release. We see no satisfactory reason for excluding the evidence. These principles are elementary: (1) evidence of prior and subsequent mental conditions is admissible in ascertaining a person's mental condition at the precise time of the act in issue; (2) a witness who has had opportunity and occasion to know and observe a person whose sanity is impeached may depose to facts and may express an opinion, based

upon his knowledge and observation, as to the mental condition of such person; (3) while evidence of previous insanity of a temporary character may not raise a presumption of continued insanity it may be considered by the jury in connection with other evidence in determining an issue as to a person's mental capacity. *Clary v. Clary,* 24 N. C., 78; *Bost v. Bost,* 87 N. C., 477; *Horah v. Knox, ibid.,* 483; *Beard v. R. R.,* 143 N. C., 136; *Rakestraw v. Pratt,* 160 N. C., 436. The court's refusal to exclude the evidence to which these assignments relate is sustained upon the principle enunciated in these and similar cases.

The fifteenth, sixteenth, and seventeenth assignments are addressed to the denial of the appellant's motion to dismiss the action as in case of nonsuit. The plaintiff admitted the execution of the release and therefore had the burden of proving that the instrument was not binding because of his mental incapacity. He offered evidence for this purpose, but the appellant contends that it is not sufficient in any view to sustain or justify an affirmative answer to the second issue.

In effect the appellant's motion for nonsuit was a demurrer to the evidence, which must be considered most favorably for the plaintiff and most strongly against the defendant. It is almost needless to repeat the truism that where there is more than a scintilla of evidence tending to support the plaintiff's contention the issue must be submitted to the jury. *Cromwell v. Logan,* 196 N. C., 588; *Inge v. R. R.,* 192 N. C., 522; *Lindsey v. Suncrest Lumber Co.,* 189 N. C., 118; *Standard Oil Co. v. Hunt,* 187 N. C., 157; *Gates v. Max,* 125 N. C., 139.

We have minutely examined the testimony relating to the plaintiff's mental capacity before and at the time of the injury and at the time he signed the release. We are not concerned with the question whether the testimony should satisfy a jury of his incapacity to execute the release but with the question whether there was sufficient evidence to warrant a finding by the jury on this point. We think there was. There was evidence that before the injury the plaintiff's mind had been normal; that at the time of the trial and previously he had become very much like a child; that he frequently acted and talked as a child; that his memory had failed; that his capacity to transact business had become impaired; and that his mind did not seem to function. In these circumstances we cannot conclude as a matter of law that the matters involved in the second issue should have been withheld from the jury.

The evidence of undue influence is not convincing; but if the third issue be disregarded, the plaintiff is entitled to judgment on the issues that remain.

The remaining exceptions are formal.

No error.

CONNOR, J., dissents.