DONALD POWELL AND WIFE, PHYLLIS M. POWELL v. LOIS K. WOLD, AND
SEAWELL REALTY & INSURANCE COMPANY

No. 8718SC337

(Filed 15 December 1987)

**1. Fraud § 9— statement of claim for fraud**

Plaintiffs' complaint was sufficient to state a claim against defendant realtors for fraud in failing to disclose to plaintiffs that a major thoroughfare extension was planned to come close to property being purchased by plaintiffs when plaintiffs asked defendants during negotiations for the purchase if there was any factor known to them that would adversely affect the value of the property in the future.

**2. Negligence § 2— statement of claim for negligent misrepresentation**

Plaintiffs' complaint was sufficient to state a claim against defendant realtors for negligent misrepresentation in telling plaintiffs during negotiations for the purchase of a residence that they knew of no factors that would

adversely affect the value of the property when they knew or should have known that a major thoroughfare extension was planned to come close to the property and that this extension would adversely affect the value of the property.

**3. Unfair Competition § 1— unfair trade practice—fraud or negligent misrepresentation**

   Plaintiffs' complaint was sufficient to state a claim for an unfair and deceptive trade practice where it was sufficient to state claims for fraud and negligent misrepresentation by defendant realtors in a commercial setting.

APPEAL by plaintiffs from *Long, Judge*. Judgment entered 5 February 1987 in Superior Court, GUILFORD County. Heard in the Court of Appeals 21 October 1987.

*Nichols, Caffrey, Hill, Evans & Murrelle by R. Thompson Wright for plaintiff appellants.*

*Womble, Carlyle, Sandridge & Rice by Robert H. Sasser, III, for defendant appellees.*

COZORT, Judge.

On 10 October 1986, Donald and Phyllis M. Powell filed a civil complaint naming Seawell Realty and Insurance Company and its agent, Lois K. Wold, as defendants. The basic *allegations* contained in the complaint are: that the plaintiffs and defendants agreed that the defendants, as realtors, would assist the plaintiffs in their effort to find and purchase a house in the Greensboro area; that the plaintiffs located a desirable house; that an offer on the property was made by the plaintiffs and accepted by the sellers; that prior to the purchase the plaintiffs specifically asked the defendants if there was any factor known to them that would adversely affect the value of the property in the future; that the defendant Wold answered that the only adverse affect known to her was that a black family lived nearby; that when the defendant Wold made the above statement, she in fact knew or should have known that a major thoroughfare extension was planned to come close to the property; that defendant Wold knew this street extension would adversely affect the value of the property; and that the value of the property was in fact adversely affected. Plaintiffs alleged that the defendants' acts constituted fraud, negligent misrepresentation, and unfair and deceptive trade practices.

On 17 December 1986, the defendants filed a motion to dismiss alleging that the complaint failed to state a claim upon which relief could be granted under N.C. Gen. Stat. § 1A-1, Rule 12(b)(6). The trial court granted the defendants' motion to dismiss, on 7 February 1987, and plaintiffs appealed. We reverse.

A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a plaintiff's claim. A complaint should not be dismissed for failure to state a claim unless it appears to a certainty that plaintiff is legally entitled to no relief under any construction of the facts asserted. *Sutton v. Duke*, 277 N.C. 94, 176 S.E. 2d 161 (1970). With this rule in mind, we shall examine each claim alleged by plaintiffs below, first examining the claim based on fraud.

[1] Actions for fraud in North Carolina are divided into two categories: actual and constructive. A claim of fraud, either actual or constructive, is

> "so multiform as to admit of no rules or definitions. 'It is, indeed, a part of equity doctrine not to define it,' says *Lord Hardwicke*, 'lest the craft of men should find a way of committing fraud which might escape such a rule or definition.' Equity, therefore, will not permit 'annihilation by definition,' but it leaves the way open to punish frauds and to redress wrongs perpetrated by means of them in whatever form they may appear. The presence of fraud, when resorted to by an adroit and crafty person, is at times exceedingly difficult to detect. Indeed, the more skillful and cunning the accused, the less plainly defined are the badges which usually denote it. Under such conditions, the inferences legitimately deducible from all the surrounding circumstances furnish, in the absence of direct evidence, and often in the teeth of positive testimony to the contrary, ample ground for concluding that fraud has been resorted to and practiced by one or more of the parties. *Grove v. Spike*, 72 Md., 300.

> "*Standard Oil Company v. Hunt*, 187 N.C. 157, 159, 121 S.E. 184, 185 (1924); *Furst v. Merritt*, 190 N.C. 397, 404, 130 S.E. 40 (1925)."

*Terry v. Terry*, 302 N.C. 77, 82, 273 S.E. 2d 674, 677 (1981). An action in fraud must contain allegations of:

(1) material misrepresentation of a past or existing fact; (2) the representation must be definite and specific; (3) made with knowledge of its falsity or in culpable ignorance of its truth; (4) that the misrepresentation was made with [the] intention that it should be acted upon; (5) that the recipient of the misrepresentation reasonably relied upon it and acted upon it; and (6) that there resulted in damage to the injured party. *Cofield v. Griffin*, 238 N.C. 377, 78 S.E. 2d 131 (1953); *Harding v. Southern Loan & Insurance Co.*, 218 N.C. 129, 10 S.E. 2d 599 (1940).

*Rosenthal v. Perkins*, 42 N.C. App. 449, 451-52, 257 S.E. 2d 63, 65 (1979). In pleading a claim of fraud, "the circumstances constituting fraud . . . shall be stated with particularity." N.C. Gen. Stat. § 1A-1, Rule 9(b). Further, "in pleading actual fraud the particularity requirement is met by alleging time, place and content of the fraudulent representation, identity of the person making the representation and what was obtained as a result of the fraudulent acts or representations." *Terry*, 302 N.C. at 85, 273 S.E. 2d at 678.

The plaintiffs' pertinent claims for relief are set out in the complaint as follows:

7. During the course of the negotiations with the seller of the property at 1405 Westridge Road, Greensboro, North Carolina, the plaintiff Phyllis M. Powell asked defendant Wold if there were any factors other than the traffic on Westridge Road that would adversely impact the value of the property, to which defendant Wold replied, "Only that there is a black family living down the block." Defendant Wold made no further representation as to any other factors known to her which would adversely impact the value of the property. Such representation by defendant Wold related to facts material to the plaintiffs' decision to purchase the property.

8. At the time defendant Wold made the representation described above, she knew that the project known as the Benjamin Parkway Extension was planned to be constructed in close proximity to the property at 1405 Westridge Road, Greensboro, North Carolina, that such project by the North Carolina Department of Transportation would directly and in-

directly have an impact on the property, and that the pendency and construction of this project would have substantial adverse impact on the value of the property. In the alternative, defendant Wold made said representations with reckless disregard as to their truth or falsity.

9. Defendant Wold made the above representations with the intent that the plaintiffs act upon them. The plaintiffs reasonably relied upon these representations being true in connection with their purchase of the property at 1405 Westridge Road, Greensboro, North Carolina.

10. If the plaintiffs had known the true facts, the plaintiffs would not have purchased said property. As a result of the plaintiffs' reliance upon the false and misleading statements of defendant Wold, the plaintiffs have suffered substantial damages in an amount of at least $125,000.00.

\*     \*     \*     \*

12. During the course of negotiations for the purchase of the property at 1405 Westridge Road, Greensboro, North Carolina, defendant Wold failed to disclose to the plaintiffs the fact that the North Carolina Department of Transportation had pending a project for the extension of Benjamin Parkway, which project was planned to be constructed in close proximity of the property which the plaintiffs were interested in purchasing, and which pending project had a substantial impact on the value of the property at 1405 Westridge Road, Greensboro, North Carolina.

13. The plaintiffs had no knowledge of said pending project, and the plaintiffs could not reasonably ascertain the true facts with respect to such pending project. The defendants had a duty to make affirmative disclosure to the plaintiffs the facts pertaining to said pending project in connection with the sale and purchase of property at 1405 Westridge Road, Greensboro, North Carolina.

14. The pendency of the Benjamin Parkway extension project was material to the transaction involving the purchase of the property at 1405 Westridge Road, Greensboro, North Carolina. The defendants intentionally withheld from the plaintiffs facts regarding such project, with the intent

that the plaintiffs act to their detriment in purchasing the property. The plaintiffs reasonably relied upon the defendants to make true and accurate disclosure with regard to facts not reasonably ascertainable by the plaintiffs in the course of the sales transaction.

15. If the plaintiffs had known the true facts, and had the defendant accurately disclosed said facts to the plaintiffs, the plaintiffs would not have proceeded with the purchase of the property at 1405 Westridge Road, Greensboro, North Carolina. As a result of the fraudulent non-disclosure by the defendants, the plaintiffs have been damaged in the sum of at least $125,000.00.

\* \* \* \*

17. In the course of performing real estate services for the plaintiffs, defendant Wold undertook the duty to disclose to the plaintiffs relevant factors concerning the property which was under consideration to be purchased by the plaintiffs, and undertook the duty to make true and accurate statements with respect to the property.

18. During the course of the negotiations for the purchase and sale of the property at 1405 Westridge Road, Greensboro, North Carolina, defendant Wold, in response to a question from the plaintiff Phyllis Powell, stated that she was unaware of any factors that might negatively impact on the value of the property. At the time defendant Wold made such representation, she knew or should have known of the existence of the project known as the Benjamin Parkway Extension, and she knew or should have known that said project had a substantial adverse impact upon the value of the property the plaintiffs intended to purchase.

19. The plaintiffs reasonably relied upon the representations of the defendant Wold concerning the value of the property as being true, and the plaintiffs thereafter purchased the property located at 1405 Westridge Road, Greensboro, North Carolina. As a result of the negligent misrepresentations of defendant Wold, the plaintiffs have been damaged in an amount of at least $125,000.00.

First, the plaintiffs alleged that the defendants misrepresented or concealed the existing fact that the Benjamin Parkway Extension was to be constructed in "close proximity" to the property in question. Second, the plaintiffs allege that the misrepresentation or concealment of this material fact was specifically regarding the construction of the extension of a major thoroughfare. Third, the plaintiffs alleged that defendant Wold had, or should have had, prior knowledge that the Parkway Extension was planned. Fourth, the plaintiffs allege that the misrepresentation was made with the intent that it be acted upon. Fifth, the plaintiffs allege that the misrepresentation or concealment was relied upon by them. And sixth, the plaintiffs allege that, because of their reliance, they were damaged in the amount of at least $125,000.00. Although the complaint of the plaintiffs may not constitute a model form for pleading fraud, it does fulfill the statutory and case law prerequisites necessary to avoid a Rule 12(b)(6) dismissal. *See* N.C. Gen. Stat. § 1A-1, Rule 84(7).

**[2]** We next address plaintiffs' claim for negligent misrepresentation. North Carolina has adopted the Restatement of Torts definition of the requirements for an action based on negligent misrepresentation. *Stanford v. Owens,* 76 N.C. App. 284, 286, 332 S.E. 2d 730, 731-32, *disc. rev. denied,* 314 N.C. 670, 336 S.E. 2d 402 (1985). The Restatement view is:

"One who in the course of his business or profession supplies information for the guidance of others in their business transactions is subject to liability for harm caused to them by their reliance upon information if

(a) he fails to exercise that care and competence in obtaining and communicating the information which its recipient is justified in expecting, and

(b) the harm is suffered

(i) by the person or one of the class of persons for whose guidance the information was supplied, and

(ii) because of his justifiable reliance upon it in a transaction in which it was intended to influence his conduct or in a transaction substantially identical therewith."

*Id.* (citations omitted). *See* Restatement (Second) of Torts § 552 (1977).

In substance, the plaintiffs' complaint alleges that the defendants were contacted to, in the course of their business as a realty company, assist the plaintiffs in locating a residence. The complaint continues that, during the negotiations for the property the plaintiffs eventually purchased, the defendant misrepresented, or neglected to communicate, facts critical to the future value of the property. The complaint concludes that, but for this misrepresentation upon which the plaintiffs justifiably relied, the plaintiffs would not be injured in the amount of $125,000.00. We hold that these averments are sufficient to state a claim for negligent misrepresentation, and are thus sufficient to withstand a Rule 12(b)(6) motion to dismiss.

[3] Lastly, as to the plaintiffs' claim for unfair and deceptive trade practices, dismissal was certainly erroneous. Because the claims of the plaintiffs based on fraud and negligent misrepresentation have been held by this Court to be sustainable past a Rule 12(b)(6) motion to dismiss, the claim of unfair and deceptive trade practices cannot be dismissed. "Proof of fraud necessarily constitutes a violation of the prohibition against unfair and deceptive trade practices. *Hardy v. Toler*, 288 N.C. 303, 218 S.E. 2d 342 (1975)." *Webb v. Triad Appraisal*, 84 N.C. App. 446, 449, 352 S.E. 2d 859, 862 (1987). Thus, if the plaintiffs can prove fraud, which we have held they have properly alleged, then in this commercial setting, they will have proved unfair and deceptive trade practices.

In summary, we find the plaintiffs' complaint makes allegations sufficient to withstand the defendants' Rule 12(b)(6) motion on the claims of fraud and negligent misrepresentation. Since a claim of unfair and deceptive trade practices can be established by proving either fraud or negligent misrepresentation in the commercial setting, then that claim too must survive at this point in the litigation. The trial court's order is reversed and the cause is remanded for further proceedings.

Reversed and remanded.

Judges WELLS and JOHNSON concur.