JOHN CARPENTER AND WIFE, DEBORAH CARPENTER, PLAINTIFFS v. MERRILL LYNCH REALTY OPERATING PARTNERSHIP, L.P., RYAN HOMES, INC., AND JAMES BARNETT, DEFENDANTS

No. 9126SC1071

(Filed 5 January 1993)

1. **Fraud, Deceit, and Misrepresentation § 17 (NCI4th)— location of road widening—realtor's statement—insufficient evidence of fraud**

Defendant realtor's statement to plaintiff home purchaser that an abutting road would be widened on the other side because the side on which the home was located already had curbs, gutters and sidewalks did not constitute fraud where a portion of the purchaser's lot was taken for widening the road since it is clear that the realtor was making a general

statement of opinion about the future probability that the road would be widened on the opposite side, and the statement does not support a reasonable inference that the realtor intended to deceive or mislead plaintiff.

**Am Jur 2d, Fraud and Deceit §§ 45-47.**

2. **Negligence § 2 (NCI3d)— location of road widening—realtor's statement—insufficient evidence of negligent misrepresentation**

Defendant realtor's statement to plaintiff home purchaser that an abutting road would be widened on the other side because the side on which the home was located already had curbs, gutters and sidewalks was insufficient to support a negligent misrepresentation claim where it is clear that plaintiff understood that defendant realtor was not attempting to supply her with information that he had obtained independently; plaintiff indicated that she had made the same assumption; and plaintiff failed to present evidence that she justifiably relied on the statement.

**Am Jur 2d, Fraud and Deceit § 208.**

3. **Unfair Competition § 1 (NCI3d)— location of road widening—realtor's statement—not unfair trade practice**

Defendant realtor's statement to plaintiff home purchaser that an abutting road would be widened on the other side because the side on which the home was located already had curbs, gutters and sidewalks did not rise to the level of oppressive, unscrupulous or deceptive conduct necessary to support a claim for an unfair or deceptive trade practice.

**Am Jur 2d, Consumer and Borrower Protection §§ 280, 284, 287, 290.**

Appeal by plaintiffs from judgments entered 18 July 1991 by Judge Forrest A. Ferrell in Mecklenburg County Superior Court. Heard in the Court of Appeals 18 November 1992.

In the fall of 1987 the plaintiffs, Mr. and Mrs. Carpenter, were searching for a house to purchase in Charlotte. In September or October Mrs. Carpenter came across an advertisement listing a house for sale at 8001 Jamison Place. Mrs. Carpenter called Merrill Lynch Realty Operating Partnership, LP (Merrill Lynch), the agent listing the house, to obtain directions to the property. Her call was directed to James Barnett, a licensed real estate agent working for Merrill Lynch. Mrs. Carpenter received directions from Mr.

Barnett and drove out to look at the house at 8001 Jamison Place. The following day Mrs. Carpenter called Mr. Barnett back and arranged to go and see the inside of the house.

Mrs. Carpenter met Mr. Barnett at his office and the two rode in his car out to the site. As they approached the entrance to Jamison Place on Albemarle Road, Mrs. Carpenter, who had noticed that Albemarle Road had changed from four lanes to two, said, "I suppose they'll be widening Albemarle Road." Mrs. Carpenter testified that Mr. Barnett responded, "It'll be on the other side [of the road] because you've got curbs and gutters and sidewalks on yours already." After looking at the house at 8001 Jamison Place Mrs. Carpenter noticed another house for sale across the street at 8004 Jamison Place. That house, built by Ryan Homes, Inc., was also listed with Merrill Lynch and James Barnett. The Carpenters eventually purchased the house at 8004 Jamison Place for $88,750. Following their purchase the Carpenters made substantial improvements which included landscaping, construction of a garage and installation of a playhouse/shed. Albemarle Road abuts the 8004 Jamison Place property.

In May of 1988 Mrs. Carpenter learned from a local news reporter that a portion of her yard would be taken by a project to widen Albemarle Road. Sometime later the North Carolina Department of Transportation condemned approximately .28 acres of the Carpenters' .743 acre lot. As compensation for their property the Carpenters received $40,000, which the Carpenters' home mortgage company required them to apply toward the mortgage. The new right of way runs within a few feet of the Carpenters' home. Mrs. Carpenter later learned from Mr. Peacock, a state employee, that the plans to widen Albemarle Road had been "on paper" since 1979.

The Carpenters filed suit against the defendants alleging fraud, negligent misrepresentation and unfair and deceptive trade practices. On 18 July 1991 the trial court entered summary judgment in favor of each defendant. The Carpenters appeal.

*Lisa G. Caddell for the plaintiff-appellants.*

*Golding, Meekins, Holden, Cosper & Stiles, by Ned A. Stiles, for the defendant-appellee, Ryan Homes, Inc.*

*Moore & Van Allen, by Sharon L. Moylan, for the defendant-appellees, Merrill Lynch and James Barnett.*

CARPENTER v. MERRILL LYNCH REALTY OPERATING PARTNERSHIP

[108 N.C. App. 555 (1993)]

EAGLES, Judge.

The Carpenters contend that the trial court committed reversible error by entering summary judgment in favor of the defendants on each of their claims, *i.e.*, fraud, negligent misrepresentation, and unfair and deceptive trade practices. We disagree and affirm.

> Summary judgment is granted in favor of the moving party where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Gore v. Hill*, 52 N.C. App. 620, 279 S.E.2d 102 (1981). A defending party is entitled to summary judgment if he can show that the claimant cannot prove the existence of an essential element of his claim or cannot surmount an affirmative defense which would bar the claim. *Dickens v. Puryear*, 302 N.C. 437, 276 S.E.2d 325 (1981).

*Little v. National Service Industries, Inc.*, 79 N.C. App. 688, 690, 340 S.E.2d 510, 512 (1986).

[1]   The Carpenters first argue that their fraud claim should have survived the defendants' motions for summary judgment.

> While fraud has no all-embracing definition and is better left undefined lest crafty men find a way of committing fraud which avoids the definition, the following essential elements of actionable fraud are well established: (1) False representation or concealment of a material fact, (2) reasonably calculated to deceive, (3) *made with the intent to deceive*, (4) which does in fact deceive, (5) resulting in damage to the injured party.

*Myers & Chapman, Inc. v. Thomas G. Evans, Inc.*, 323 N.C. 559, 568-69, 374 S.E.2d 385, 391 (1988), *reh'g denied*, 324 N.C. 117, 377 S.E.2d 235 (1989) (quoting *Ragsdale v. Kennedy*, 286 N.C. 130, 138, 209 S.E.2d 494, 500 (1974)).

We believe *Warfield v. Hicks*, 91 N.C. App. 1, 370 S.E.2d 689, *disc. review denied*, 323 N.C. 629, 374 S.E.2d 602 (1988) controls here. In *Warfield*, the plaintiffs entered into a contract with the defendant under which the defendant agreed to build the plaintiffs a custom home. That contract called for installation of "heavy hand-hewn beams." *Id.* at 4, 370 S.E.2d at 691. However, the defendant refused to install "heavy hand-hewn beams[,]" and instead offered to substitute old beams from a tobacco barn. The plaintiffs, concerned about the presence of worm holes and beetles in the beams,

CARPENTER v. MERRILL LYNCH REALTY OPERATING PARTNERSHIP

[108 N.C. App. 555 (1993)]

asked the defendant if the beetles would present a problem. The defendant responded, ". . . these beetles won't be a problem to you. They'll just make some sawdust." *Id.* The plaintiffs then agreed to the substitution of the beams. After experiencing problems with sawdust and a scratching noise the plaintiffs learned that there was an active infestation of old house bores and powder post beetles in the beams. The plaintiffs also learned that it would be difficult for them, as well as others, to obtain financing on the home because of the active infestation. The plaintiffs sued the defendant alleging *inter alia* fraud, misrepresentation and unfair and deceptive trade practices. After briefly discussing the elements of fraud as they related to the case, this Court held that the plaintiffs had not presented sufficient evidence to withstand the defendant's motion for summary judgment because "the plaintiffs' evidence taken in the most favorable light shows merely that Mr. Hicks made a general unspecific statement of opinion about the potential future consequences of using beetle infested beams and does not support a reasonable inference that he intended to deceive or mislead the Warfields." *Id.* at 8, 370 S.E.2d at 692.

Similarly, here, Mr. Barnett merely offered Mrs. Carpenter a statement of opinion. On cross examination at her deposition, Mrs. Carpenter testified as follows:

Q. Now with respect to this first trip out to Jamison Place with Mr. Barnett, I know you discussed a number of things. Specifically as best you can recall what was said about widening Albemarle Road?

A. Okay.

Q. And if you would take it as best you can recall and the order in which anything was said.

A. We were riding out and you know where the four lanes come into just two and as we got out to the property I said I suppose they'll be widening Albemarle Road. And he said they will but it'll be on the other side of the road, which is the North side of the road, and I wouldn't be affected because we had curbs and gutters and sidewalks in there.

Q. Okay, so the first mention of anything about widening the road was when you said—

A. When I said that.

Q. —I suppose they'll be widening Albemarle Road?

A. Uh-huh (yes).

Q. And specifically as best you can recall what did Mr. Barnett say?

A. He said it would be on the other side.

Q. He said—are those his exact words?

A. It'll be on the other side because you've got curbs and gutters and sidewalks on yours already.

Q. So after you said I suppose they'll be widening Albemarle Road he said it'll be on the other side because on your side there's curbs and sidewalks and so forth?

A. Yes, and I believed him. It made sense because the curbs are in and the sidewalks are in.

Q. Other than saying it'll be on the other side because you have sidewalks and curbs already put in, did Mr. Barnett say anything else at all about widening Albemarle Road?

A. That was it because it made sense so why question it. It made sense; the curbs were in, everything was complete on our side.

Q. And that's the extent of your conversation with Mr. Barnett about the widening of Albemarle Road?

A. That's correct, Uh-huh.

It is clear from this colloquy that Mr. Barnett was making a general unspecific statement of opinion about the future probability that Albemarle Road would be widened on the side of the road opposite from the Carpenters. Here, as in *Warfield*, the statement of the defendant simply does not support a reasonable inference that Mr. Barnett intended to deceive or mislead Mrs. Carpenter.

The Carpenters argue that the instant case is controlled by *Powell v. Wold*, 88 N.C. App. 61, 362 S.E.2d 796 (1987). Although a factual analogy may be drawn between the underlying facts of *Powell* and the instant case, *Powell* is not dispositive. In *Powell*, this Court was faced with resolution of whether the plaintiff had stated a claim sufficient to withstand the defendant's Rule 12(b)(6) motion. Unlike the instant case, *Powell* did not decide whether

CARPENTER v. MERRILL LYNCH REALTY OPERATING PARTNERSHIP

[108 N.C. App. 555 (1993)]

the plaintiff presented sufficient evidence of each element to withstand a motion for summary judgment. This argument is overruled.

[2] The Carpenters next argue that the trial court erred by entering summary judgment against them on their negligent misrepresentation claim. Under North Carolina law

> [o]ne who in the course of his business or profession supplies information for the guidance of others in their business transactions is subject to liability for harm caused to them by their reliance upon information if
>
> (a) he fails to exercise that care and competence in obtaining and communicating the information which its recipient is justified in expecting, and
>
> (b) the harm is suffered
>
> > (i) by the person or one of the class of persons for whose guidance the information was supplied, and
> >
> > (ii) because of his justifiable reliance upon it in a transaction in which it was intended to influence his conduct or in a transaction substantially identical therewith.

*Powell v. Wold*, 88 N.C. App. at 67, 362 S.E.2d at 799 (citations omitted).

Here, Mrs. Carpenter has failed to present evidence that she justifiably relied on the statement made by Mr. Barnett. It is clear from the colloquy extracted from Mrs. Carpenter's deposition, which we have quoted above, that she understood Mr. Barnett was not attempting to supply her with information that he had obtained independently. Rather, Mrs. Carpenter intimated that she understood that the sole basis for Mr. Barnett's opinion was that curbs, gutters and sidewalks were already in place on her side of Albemarle Road. Indeed, Mrs. Carpenter testified that Mr. Barnett's exact words were that "It'll be on the other side *because you've got curbs and gutters and sidewalks on yours already.*" (emphasis ours). She further testified that his statement "made sense" to her indicating that she had made the same assumption that Mr. Barnett made. This argument is overruled.

[3] Finally, the Carpenters claim their unfair and deceptive trade practices claim should have survived summary judgment. Once again, we find *Warfield v. Hicks* to be dispositive.

**B. B. WALKER CO. v. BURNS INTERNATIONAL SECURITY SERVICES**

[108 N.C. App. 562 (1993)]

The standards governing determination of whether a defendant's statements or actions are sufficient to allow a plaintiff to maintain an unfair or deceptive trade practices claim were set out in full in *Warfield.* We need not restate them here. It is sufficient that we conclude here, as in *Warfield,* that the defendant's statements did not rise to the level of oppressive, unscrupulous or deceptive conduct necessary to support the claim brought by the Carpenters. Accordingly, we overrule this argument.

Because of our disposition of the Carpenters' first three arguments we need not reach any of the remaining arguments or assignments of error raised on appeal.

Affirmed.

Judges WELLS and LEWIS concur.