JIMMY L. HEARNE and wife, TAMMY K. HEARNE, Plaintiffs v. STATESVILLE LODGE NO. 687, LOYAL ORDER OF MOOSE, INC. and GARY SMITH d/b/a GARY SMITH REALTY, Defendants

No. COA00-681

(Filed 15 May 2001)

## Fraud— fraudulent or negligent misrepresentation—conveyance of property—septic tank problems

The trial court did not err by granting summary judgment in favor of defendant realtor regarding defendant's alleged fraudulent or negligent misrepresentation of a septic system on plaintiff purchasers' property, because: (1) the right to rely on representations is connected with the duty of a representee to use diligence with respect to the representations made to him; (2) defendant realtor did not resort to any artifice which was reasonably calculated to induce the purchasers to forego investigation; (3) the purchase contract specifically addressed and upheld plaintiffs' right to inspect the septic system before acquiring the property; and (4) plaintiffs had full opportunity to inspect the property and determine its suitability for plaintiff's envisioned purposes, including the septic system's capacity to effectively absorb the increased demand a restaurant would entail.

Appeal by plaintiffs from judgment entered 10 April 2000 by Judge Mark E. Klass in Iredell County Superior Court. Heard in the Court of Appeals 16 April 2001.

*Eisele, Ashburn, Greene & Chapman, P.A., by Douglas G. Eisele, for plaintiff appellants.*

*Homesley, Jones, Gaines, Homesley & Dudley, by L. Ragan Dudley, for Gary Smith Realty defendant appellee.*

McCULLOUGH, Judge.

On 2 September 1999, plaintiff Jimmy Hearne and his wife, Tammy Hearne, filed suit against the Statesville Lodge No. 687, Loyal Order of Moose, Inc. (Statesville), and realtor Gary Smith, alleging that defendants willfully and wantonly misrepresented to plaintiffs that the septic system located on property owned by Statesville and sold to plaintiffs was adequate for plaintiffs' envisioned development purposes. The trial court subsequently granted defendant Smith's motion for summary judgment, from which plaintiffs now appeal.

Summary judgment is appropriate where there is no genuine issue as to any material fact and one party is entitled to judgment as a matter of law. N.C. Gen. Stat. § 1A-1, Rule 56(c) (1999); *Johnson v. Insurance Co.*, 300 N.C. 247, 252, 266 S.E.2d 610, 615 (1980). Plaintiffs contend that the trial court erred when it granted defendant Smith's motion for summary judgment, in that there remain genuine issues of material fact regarding defendant Smith's fraudulent or negligent misrepresentation of the property's septic system. Relying upon *Johnson v. Beverly-Hanks & Assoc.*, 328 N.C. 202, 400 S.E.2d 38 (1991), plaintiffs argue that defendant Smith breached his duty not to conceal from the purchasers any material facts affecting the property and to make full and open disclosure of all such information to plaintiffs.

In *Johnson*, our Supreme Court reversed the grant of summary judgment in favor of defendant-realtor where issues of material fact existed regarding allegations of fraud. *Johnson*, 328 N.C. at 211, 400 S.E.2d at 43. There, out-of-state plaintiff-buyers relied upon the local defendant-realtor's representations that the house plaintiffs were interested in purchasing had been thoroughly inspected and approved by an independent investigator. After closing on the house, plaintiffs discovered extensive structural defects. Because there was conflicting evidence regarding whether defendant-realtor knew that the housing inspection conducted was not a neutral, independent investigation, summary judgment was inappropriate. *Id.*

It is true that "[a] broker has a duty not to conceal from the purchasers any material facts and to make full and open disclosure of all such information." *Id.* at 210, 400 S.E.2d at 43. It is equally true, however, that claims based upon misrepresentations are groundless where a purchaser of real property "deal[s] at arm[']s length and the purchaser has full opportunity to make inquiry but neglects to do so and the seller resorted to no artifice which was reasonably calculated to induce the purchaser to forego investigation . . . ." *Calloway v. Wyatt*, 246 N.C. 129, 134, 97 S.E.2d 881, 885-86 (1957). In *Goff v. Realty and Insurance Co.*, 21 N.C. App. 25, 203 S.E.2d 65, *cert. denied*, 285 N.C. 373, 205 S.E.2d 97 (1974), this Court applied the above-stated principle to facts remarkably similar to the instant case. *Goff* involved the sale and purchase of residential property that the defendant-realtor allegedly represented to be free of any septic tank or drainage problems. *Goff*, 21 N.C. App. at 27, 203 S.E.2d at 67. Relying upon the realtor's specific representation that no sewage problems existed, plaintiffs purchased the property. When plaintiffs

moved into the home, however, they discovered that the property had a long history of sewer and septic tank problems, resulting in such an accumulation of raw sewage in plaintiffs' back yard that it "constituted a serious health problem." *Id.* at 26, 203 S.E.2d at 66. Because plaintiffs had neglected to inspect the property, however, the Court ruled that plaintiffs could not maintain an action for fraudulent concealment and misrepresentation against defendant-realtor. "Plaintiffs had full opportunity to inquire of other residents of the area as to any septic tank problems . . . but they neglected to do so. Defendants resorted to no artifice which was calculated to induce plaintiffs to forego investigation." *Id.* at 30, 203 S.E.2d at 68.

In the case *sub judice*, plaintiffs allege that defendant Smith knew that plaintiffs were specifically interested in the property in question because they intended to open a private club and restaurant on the premises. Defendant Smith allegedly informed plaintiffs that the septic system on site was adequate for such purposes. Relying upon this information, plaintiffs failed to make any independent investigation of the property. After acquiring the property, plaintiffs could not secure the necessary license from the Iredell County Health Department to open a restaurant, because the property's septic system was inadequate to treat the waste that would be generated at the restaurant.

We determine that plaintiffs' reliance upon *Johnson* is misplaced, and that *Goff* controls the instant case. "The right to rely on representations is inseparably connected with the correlative problem of the duty of a representee to use diligence in respect of representations made to him. The policy of the courts is, on the one hand, to suppress fraud and, on the other, not to encourage negligence and inattention to one's own interest." *Calloway*, 246 N.C. at 134-35, 97 S.E.2d at 886. Before purchasing property, it is incumbent upon buyers to take reasonable steps to protect their own interest. *Clouse v. Gordon*, 115 N.C. App. 500, 509, 445 S.E.2d 428, 433 (1994). Unlike present plaintiffs, the plaintiffs in *Johnson* specifically requested an independent investigation of the property before the purchase. Because defendant-realtor allegedly misrepresented to plaintiffs that such an inspection had been performed, the Court held that plaintiffs could pursue their claim against defendant for fraudulent misrepresentation. *See Johnson*, 328 N.C. at 211, 400 S.E.2d at 43. Unlike *Johnson*, defendant-realtor in the instant case "resorted to no artifice which was reasonably calculated to induce the purchaser to forego investigation . . . ." *Calloway*, 246 N.C. at 134, 97 S.E.2d at 885-86. In

fact, the purchase contract entered into by plaintiffs specifically addressed and upheld plaintiffs' right to inspect the septic system before acquiring the property:

> The water and sewer systems shall be adequate and not in need of immediate repair. The purchaser shall have the option to have the above-listed systems, items and conditions inspected by a reputable inspector or contractor at purchasers['] expense prior to the time this Contract is executed. Execution of this Contract by the seller and purchasers signifies acceptance of premises in its current condition.

In the negotiation of the sale and purchase of the subject property, the parties were dealing at arm's length. Plaintiffs had full opportunity to inspect the property and determine its suitability for plaintiffs' envisioned purposes, including the septic system's capacity to effectively absorb the increased demand a restaurant would entail. Plaintiff completely failed to forecast any evidence that defendant Smith resorted to any artifice calculated to induce plaintiffs to forego investigation. *See Goff*, 21 N.C. App. at 30, 203 S.E.2d at 68. As there is no evidence that defendant Smith prevented plaintiffs from making such reasonable inspections of the property as was their responsibility, we hold that the trial court properly granted defendant Smith's motion for summary judgment.

Affirmed.

Chief Judge EAGLES and Judge BRYANT concur.